And we will go to our final case of the day, United States v. Carnell. Okay, Mr. Hillis, please proceed. Thank you. Good morning, may it please the Court. My name is Daniel Hillis. With the Federal Public Defender's Office, I represent Mr. Scott Carnell in this appeal. This is the second appeal in this case, and it arises from a re-sentencing issue. And the principal challenge on this appeal is whether the District Court erred in recalculating criminal history. At the time of the initial appeal, my client's criminal history category was 3, not 5, as it was later determined to be at the re-sentencing rate. I think the District Court was constrained by the language of the opinion in Carnell, which dealt with the single issue as part of the remand, where it found that the District Court erred by calculating the drug as meth-itis. The government didn't carry its burden, and the remand was for a decision consistent with that opinion. Mr. Hillis, it sounds pretty much like you are arguing from the bottom of a swimming pool. The microphone in your setup is not everything it's cracked up to be. So if you could slow down a little, it would probably help us. I'll be slower, I'll be louder. Okay. And I'll continue. Zoom is not on. All right. Thank you. So, Mr. Hillis, while you're recovering from that, let me ask you a question. First of all, reading that remand order from round one of Mr. Carnell's case doesn't convince me that it was a limited remand. And maybe in a broader sense, I'm a little concerned about your position, because it's very often the case that criminal defendants are eager for a resentencing to take into account intervening events. Maybe they got a GED. Maybe they've been very responsible, you know, with a job or whatever positive factors are there. This does happen to be a case where it's a negative factor. But if you'll go with me that this was just a general remand, I don't see anything to suggest that the court should not consider intervening events or that it should consider only positive intervening events. I agree. If it's a general remand, I think we lose, Judge Wood. The problem is that the remand order didn't say that it was a general remand. But they don't always. It doesn't say limited to the question of the drug type and quantity. But it sort of does by saying that consistent with this opinion, that constrains what the scope of the remand is. But that's always going to be true. How many remands can you think of that are saying you may ignore the scope of this opinion and then go ahead and resentence? My collective knowledge on that is less than yours. So I will say that if we look to what the cases are that precede Hopper, because the government's best case is Hopper, right? Definitely, Hopper. We acknowledge that. But we would look to Adams, Pollard, Polland rather, Morris, and Husband. Husband in particular. And so if a court addresses something specifically and remands only for that, or it is silent on something, either of those things are adequate to establish a limitation on the remand. And in the Carnell 1 case, there's no dispute that the criminal history category was 3. The sole issue on the remand was for the drug type. And so consistent with those cases, which, of course, Hopper doesn't discuss, and therefore we have issues with Hopper. We think that Hopper fails to consider these necessary things. And then further, to reach back a little bit to Your Honor's question about statutory factors that should be considered. Sure, that's absolutely right. I mean, we'd look to Pepper. And Pepper versus United States is something that Hopper cites. But Pepper doesn't say that you need to calculate the guideline either. And so there's a matter of some bad policy here, too, which we point out in the refinery. If somebody is sitting around and waiting to be sentenced in state court, and the federal case is rolling along, they will probably take a good deal over in state court so they can get into programs, et cetera, resolve the state cases, not have detainers put on them, thinking that it's not going to turn around and bite them back in the event of a remand. Here, that's exactly what happened. Now, I think it's unfair to say you take your chances then by accepting those sort of decisions to take a good plea offer over in the state court. But why is it? I mean, I've looked at both of the pre-sentence reports, the February 27, 2019 one and the June 16, 2021, and you can see that a couple of things, you can trace them, you know, the arrests that ripened into convictions, which is why the criminal history changed. But, I mean, honestly, this was Mr. Carnell's life. You know, this was his problem in a way. And I don't know why there should be a guarantee that the criminal history freezes as of the time of the first sentencing proceeding. Well, Your Honor, I'd say that if the language of the opinion included more expansively, we would not be here on this. So you would agree, at least if this court, every single time we had a remand, you know, check box A or box B, this is an unlimited remand, this is a limited remand, it could have been an unlimited remand, and there's no problem at that point with the criminal history changing. That's right. But when you say that there's a single issue that it goes back for and the case is remanded for an opinion proceeding consistent with that, I think it is fair to read Carnell to say that it's limited only to that issue because that's consistent. Right, but should the default rule then be that intervening, mitigating information could not be reconsidered, or considered rather for the first time in a resentencing? It would be, I'd say, consistent with Pepper that it would be statutory factors, not a guideline recalculation, because Pepper does not involve a guideline recalculation. It talks about post-incarceration rehabilitation, right? So the law prohibits recalculation of advice? Is that what you think? Yeah, all I can say on that is that to the extent that we have something that is more than a general remand where additional factors can be considered, we look at Pepper for guidance on that. Pepper does not talk about recalculating the guideline. Pepper talks about considering statutory factors under 3553A, no limitation imposed on what the district court consider under 3661. Here if the district court made a decision to impose sentence not based on the criminal history calculation, but rather said you have intervening changes with these convictions, they trouble me, I'm giving you the 165, 165 months, I think that that would be permissible and it would fit within Pepper. But it does not fit within what we see the language of a limited remand would be under Adams, Polland, Morris, and Husband. And again... On this issue, Mr. Hillis, do you agree that we are applying plain error review? Yes, we agree with that for this issue, not for the second issue. Understood. Yes. Understood. But we think that we can't prevail... Before you run out of time, though, could you say a word about the second one? Because the government argues that those cases are gone, you know, that there's just nothing there anymore. And it's too late to refile. So why isn't that right? Well, is the record convincing? Well, you speculate there was a tolling agreement, but is there any evidence of that? No, I say the record is undeveloped. So if the government's going to assert that it is moot, things like that, it would have the burden. Here, there's a Rule 10a1 problem because it appends, the government appends materials that are outside the record. And so that would largely inform the government's position in this court's analysis. I think that we have to separate those and put those things out because Rule 10 doesn't allow the party just to append things to their satisfaction. We take judicial notice. We take judicial notice of other courts filing records all the time. That's true. And they haven't asked you to take judicial notice. I think that they should have explained why it would be appropriate here. All we can do to effectively rebut this is to say we have no evidence whether there's a tolling agreement or not. So that's an unknown here. It shouldn't work to my client's advantage. Presumably, Mr. Carnell knows about it, right? And I can say nothing about it on the appeal because it would be outside the record. I don't know what the status is on that. So, again, I'm somewhat limited. I think the court should not consider those documents. And statute of limitations, so, you know, it can expand. Wait, wait, wait. The court should not consider those documents and, therefore, we should issue an advisory opinion? No. Because we can't be perfectly sure that our words are anything other than advisory. We should just go ahead and talk about it. No, Judge, that's not what I'm saying at all. What I'm saying is that because the record's undeveloped to show whether there's a tolling agreement or not, we shouldn't put my client in harm's way for the possibility of a consecutive sentence, especially when it's facts of vindictiveness, when the district court and the government complain that this court changed the law in Carnell 1 and now imposes for no reasons that are apparent, and, of course, under Smith and Pierce, the Supreme Court cases, those reasons must affirmatively appear in the event of a remand to expand the scope of the punishment higher. There should be affirmative statements by the district court explaining why that was, what the change is, and that didn't happen. I'd like to reserve the balance. Mm-hmm. Thank you, Mr. Hillis. Mr. Weisler. Thank you. May it please the Court. My name is Luke Weisler, and I represent the government in this case. The recent Hopper case is directly on point and completely dispositive of the first issue. Mr. Carnell's counsel said during his initial remarks that if this was a general remand, he loses. The government would agree with that, but the government would add that even if this were a limited remand, he would lose, because that is exactly what happened in Hopper. The Hopper court had two issues. They ultimately found that it was a limited remand, but even with that limited remand, they found with a plain-air standard that there was no plain-air in the district courts increasing the defendant's criminal history based on an updated PSR before his resentencing. That's exactly what happened here. The postures are the same, and so the result should be the same. With respect to the second issue, it is moot. Those cases have gone away. We have attached court records that this court can take judicial notice of that establishes that. The fact that there may be a mystery tolling agreement out there is something that... In principle, even if there were no tolling agreement, if an indictment is returned 25 years late, the defendant could agree to tolling after the indictment is returned. I suppose that's correct, Your Honor. And I think... So one can never say that any case has actually been dismissed, because the period of limitations could always be tolled retroactively. And, Your Honor, I think the language of the judgment is also something that's instructive. The district court said that if there was a sentence in a pending, then pending, St. Clair County case, that it would run consecutive. Those cases are not pending anymore. If those cases were to ever be refiled, which our position is they couldn't be, ultimately those are going to be new cases, could be charging different conduct. And so for those reasons, the government believes that the second argument fails as well. And unless there's any questions... I don't see any questions, so thank you very much, Counsel. Thank you. Mr. Hillis, you have 18 seconds. I'll be fast. So if Hopper is disposible, but Hopper doesn't deal with stare decisis import of prior cases, then we can't really conclusively rely on Hopper as much as the government would like. I would like this court to try to reconcile, if it would, husband with Hopper, and I think if it tries to do that, it finds that this is a case that we should be able to argue or point here in another remand for re-sentencing. With that, I have nothing else. Thank you very much. The case is taken under advisement and the court will be in recess.